These rags, this court is now in session. You may be seated. Three against 11-0, 3-9-1. People of the State of Illinois get relieved by series of instruments, v. James Fuller, Helen by Brian Cohen. Mr. Kohut. Good morning, Your Honors. Good morning. Counsel, I may have to face the court. My name is Brian Kohut. I represent Mr. James Fuller, the defendant in this criminal case. Following the jury trial, Mr. Fuller was convicted of the offense of home invasion predicated on criminal sexual assault, in terms of a natural life imprisonment for each offense. On appeal, he raises two issues, whether criminal sexual assault is a lesser included offense of the home invasion predicated on that same criminal sexual assault, and whether this cause should be remanded to the circuit court for a critical hearing on his pro se allegations of ineffective assistance to counsel. Today, before this court, we would like to discuss the second issue first, and then turn to the first issue if there's time for me. As to the second issue, Your Honors, defense counsel, after Mr. Fuller was sentenced, defense counsel filed a motion to reconsider his sentence. The circuit court never held a hearing on that motion. Mr. Fuller filed a motion for notice of appeal that was allowed. The case was doctored by this court, and then dismissed pursuant to the state of health defender's motion, sent back to the circuit court in order to hear that motion to reconsider sentence. When it went back to the circuit court for that hearing, Mr. Fuller filed his pro se motion alleging ineffective assistance to counsel. And the issue here is whether the circuit court should have considered that motion. Pursuant to the Supreme Court's holding that people read Patrick, so long as the circuit court had jurisdiction, it was required to hear that motion. There's no question that the circuit court had jurisdiction following this court's remand. Therefore, it was required to consider that pro se motion based on Patrick. The state argues that this court's mandate did not specifically direct the circuit court to consider any pro se motion filed on Mr. Patrick. However, Rule 606B puts the onus on the circuit court itself. 606B, of course, requires that if there's a post-trial motion filed and then a subsequent notice of appeal, that subsequent notice of appeal is to have no effect. It's to be stricken, and the circuit court must consider that motion to reconsider sentence in this case. Here, the circuit court never struck that notice of appeal. And had it acted according to Supreme Court rule, there's no question that it would have been required to hear that pro se motion. In short, Mr. Fuller should not be punished for the circuit court's failure to follow the Supreme Court rule. Therefore, this clause should be remanded so the circuit court can consider that pro se motion. Turning then to the first issue, your honors. Mr. Fuller was charged with, as stated previously, he was charged with home invasion predicated on criminal sexual assault. Under Miller, he alleges that the criminal sexual assault is the lesser included offense with that home invasion predicated on that same criminal sexual assault. Under People v. Miller, the Supreme Court adopted the abstract elements approach to determine whether one charged offense is the lesser included offense of the other charged offense. That test requires that one offense, if all the elements of one offense are contained in the second offense, and there are no elements in that first offense that are not contained within that second offense, then the first offense is a lesser included offense. Here, all of the elements of criminal sexual assault are contained in the offense of home invasion predicated on that criminal sexual assault, and there are no elements of criminal sexual assault that are not contained in the home invasion statute. Just like other predicate offenses, such as armed violence, felony murder, the predicate offense of criminal sexual assault, in this case the predicate offense of home invasion, should be vacated as a lesser included offense. The state argues that because it's possible to commit a home invasion without committing a criminal sexual assault, that it is not a lesser included offense. This merely indicates that there are other lesser included offenses of the home invasion. There are at least six under the subsection in which Mr. Fuller is charged here. Those are all lesser included offenses, and it's possible to commit a home invasion without committing one of them, but not the other. I'm going to ask, does Miller not eviscerate this argument? I'm sorry, Your Honor? Does the Miller case, the Supreme Court case, does Miller not eviscerate this argument when they change to what is an abstract elements approach? No, it does not, Your Honor, because the abstract elements, looking at the elements of criminal sexual assault, they're all contained within the home invasion statute. All of the elements of criminal sexual assault are contained in the home invasion statute. Indeed, in subsection A6 of the home invasion statute, it specifically cites to the section of criminal sexual assault by the section number. It cites the 1213 of the home invasion statute. I understand that, but my understanding of the abstract elements approach is that you almost have to eliminate every other possibility in your lesser included offense. Well, that's not Mr. Fuller's argument. Mr. Fuller contends that that's not precisely the case. In the abstract, the elements of criminal sexual assault are contained within the offense of home invasion, because all the elements of criminal sexual assault are contained in A6 of the home invasion statute. And what Miller said was, in part, in what the state, the crux of the state's argument, is that the home invasion statute is not an abstract element. And the argument in the second district, or the case in the second district, the Boushey case, you know, Boushey, is that it's possible to commit home invasion without committing criminal sexual assault. Of course, yes, that's obvious. It could be committed in a number of different ways. But that doesn't mean that there are not multiple lesser included offense of that home invasion statute. And what's also important here, it was never discussed in Miller, because Miller, once it applied the abstract to the statutory elements, it found that retail theft was not a lesser included offense of burglary in the abstract. Because there were elements of the retail theft that were not included in the burglary. Here, all the elements are included within the statutory offense of home invasion. Then the question is whether it's possible, Miller was concerned with the charged offenses. So in order to even begin to look at the statutory elements, you have to look at what was actually charged, the charged offenses themselves. Here, the one charged offense is home invasion predicated on criminal sexual assault. And the other charged offense is criminal sexual assault. It's impossible to commit the offense of home invasion predicated on the criminal sexual assault without committing that criminal sexual assault. It's really not an amalgam of the charging instrument approach, because the charging instrument approach viewed the facts that are contained in the charging instrument. This is just looking at the offense itself that is charged, nothing regarding facts or anything that occurred at trial or any of the evidence. It's just solely looking at the elements of home invasion predicated on criminal, the elements of the charged offenses. The home invasion predicated on criminal sexual assault and the elements of the criminal sexual assault itself. Therefore, if there are no further questions, I believe that these were the questions that were necessary to come up in this argument. They actually do have a question. When the courts deal with felony murder, you said this is like that. That's correct. Do they talk about the felony as a lesser included? Is that the rubric under which it's discussed? I think the terminology the courts generally use is the predicate offense. But as a matter of course, it's vacated as a lesser included offense of that felony murder. And the same occurs in the armed violence statute. Armed violence has a number of different predicate offenses. Say for example, they're charged with armed violence predicated on an aggravated battery. Just because there are other offenses that can be committed within the offense of armed violence doesn't mean that aggravated battery is not the lesser included offense. It is a lesser included offense and there are multiple predicate offenses. And basically your client's argument is that he's being punished twice for the same essential crime. Absolutely, Your Honor. He's being punished twice for that same criminal sexual assault. That was not the legislative intent of the home invasion statute. The state argues in the Bausch court focused on the gravamina of the offenses of home invasion and the criminal sexual assault. But it's not entirely accurate to say that the gravamina of the offense of home invasion is the entry into the house. It's the entry into the house and what's committed once you're inside the home. The legislative intent behind the home invasion statute is obviously to protect the dweller, the person who lives in the house. And that's perfectly clear when you look at the affirmative defense of the home invasion. Once a criminal defendant enters the home and finds out there's somebody in there, if they vacate without threatening or causing any physical injury, that's an affirmative defense to the home invasion. So the legislative intent was to protect the person inside the house. And so the gravamina of the offense is not only entering the house, but it's also committing this offense once inside. So these are the same offense, Your Honor. It's a criminal sexual assault that's predicated in the one offense, it's predicated on the home invasion statute, and the other offense is just standalone. And as Your Honor pointed out, he's being punished twice for the same criminal sexual assault. Therefore, he respectfully requests that this Court vacate the lesser-included offense of criminal sexual assault and remand this case for a hearing on his pro se motion alleging the ineffective assistance of counsel. Thank you. Mr. Knitted. With respect to the included offense analysis, I will take and say right off the top that we do not believe the defendant is being punished for the same crime, simply because he was punished for home invasion and criminal sexual assault. First off, the purpose for the punishment is to, with the home invasion, deals with the unlawful entry to do an unlawful act. That is what he is being punished for, entry of the home, the sanctity of the home where we should feel safe. They transgressed that. That's why they're being punished. Also being punished for having sexually assaulted the lady in the house. Now, how do we go about defining whether or not this is an included offense or not? As the Court's already pointed out, Miller and Bucci seem to take and really are both on all fours with this case. I mean, Bucci is basically identical. And if I might, with respect to Miller and the abstract elements approach, Miller basically explained, and Bucci basically relies on Miller, and as Bucci's quoted paragraph nine in Bucci here, as Miller explained, the abstract elements approach is the strictest approach in the sense that it is formulaic and rigid, and considers solely theoretical or practical impossibility. The argument that counsel makes this morning is a kind of a modified charging instrument approach, because what he's actually looking at in his analysis is, what was this guy charged with? He refers to it as the fact that he's looking at, well, the fact that the criminal sexual assault is named in the statute, that's fine. But what he's saying is, because my defendant was actually charged with that particular provision, and was convicted of that, therefore it's an included offense. If the state had failed to prove the underlying criminal sexual assault, what would the defendant have been convicted of and sentenced for? If the jury had come back with a not guilty on the criminal sexual assault, in that particular situation, because of the fact that we are trying, the analysis in that, with that aspect, presents a different issue from what is presented here. There are actually two different analyses. When we try to take and determine whether or not a defendant is entitled to a defense instruction, or when we talk about convictions, in that situation, the abstract elements, this approach does not apply. I just want you to answer my question. My point is, while my answer might take it's sake, if in that particular situation, if he had been acquitted of that and convicted of the other, then the arguments would take the beat. Wouldn't you be arguing, or wouldn't the state be arguing, that he's still guilty of the lesser included offense of criminal trespass to property or something? Well, we obviously could, but as far as the home invasion, I thought you were just asking me what would happen with the home invasion. If the state did not prove the criminal sexual assault that is the third element of the home invasion statute as it was charged, then what would the defendant be guilty of? In that particular situation, unless the state could take an argument of criminal trespass to property, he'd be guilty of nothing. Okay, so he's convicted of home invasion and sentenced on the basis of home invasion because of the criminal, the proof of the criminal sexual assault. Is that fair? That would be fair. But when it comes to analyzing whether or not they are the same offenses for purposes of multiple sentences here as charged, that looks at the theoretical possibility. That is based on double jeopardy. And what Miller basically provides is that it must be impossible to commit the greater offense without necessarily committing the lesser. And you look at it theoretically possible. Is it theoretically, is it abstractly possible to commit home invasion without committing a criminal sexual assault? And as soon as you answer that question, yes, then for this purpose, for these purposes here, it is not an approved offense for multiple punishments. But you would have had to allege as your third paragraph of the complaint, one of the other offenses, you would not have been alleging. That's not the abstract element, Your Honor. That's the charging instrument. And that's not what we use here. That's what I'm saying. And in answer to your question before, the difficulty was the fact that you're using, that situation presents the charging instrument approach. That's an entirely different analysis, entirely different everything. In this particular situation, you look at the elements and you look at the statute, and it's not a question of what you allege. It's not a question of what could be alleged. It's not a question of what's in the statute. It's a question of, it says, theoretical or practical impossibility. Is it theoretically possible to commit home invasion without committing a criminal sexual assault? That answer is unequivocally yes. Therefore, for purposes of this analysis and this issue, on the abstract elements approach, they are not included offenses. And what differentiates this from felony murder, to answer your question on that, in felony murder, what the legislature has done is the legislature is going after what? They're going after the homicide. They're going after the killing, is what they're doing. The predicate felony in felony murder substitutes for the requisite intent that is normally needed, intent to kill or do great bodily harm. It's because of that that if you take a look at the U.S. Supreme Court cases, and again, Bucci cites that, Bucci cites those cases, the, basically, the included, I shouldn't say included, the predicate felony is actually, they treat the predicate felony as part of felony murder, is what they're actually doing. They're treating it as the same offense as felony murder. That's why we get this language, I forget the name of the Supreme Court case, but we get this language where the U.S. Supreme Court has treated the predicate felony in a felony murder situation as a species of included offense. But what they're saying is, they're saying that, basically, the predicate felony in felony murder is the same offense as felony murder. Well, as soon as you do that, of course, when you take and say, can a defendant be punished, it goes right in line with what you asked before, what you're saying. A defendant cannot be punished twice for the same crime. Well, if a predicate felony is considered the same offense for purposes of felony murder, how can you be, how can you get punished for that predicate felony? You can't, because it's considered by law to be the same offense. So that completely negates the analogy between this case and felony murder. As far as armed violence is concerned, I would simply suggest two things. Number one, looking at the cases that are annotated, for a long time, many of the appellate courts have conflated this analysis. Because they would say, well, because the defendant's conviction of this was based on the same act as that, therefore, we must vacate this sentence as an included offense of the other. That conflates two different issues, two different questions. But secondly, what I would suggest is, I would suggest that based on Miller, a lot of those cases, any of those cases that have said that the underlying felony in armed violence is an included offense is subject to being questioned based on the Miller analysis. Because you can commit an armed violence without committing an armed robbery. Theoretically, you can do that. So when we're trying to determine whether a predicate felony or another felony is the same offense or is an included offense of armed violence, I think we have to take a look at that under the Miller. Now, that issue is not presented here. I'm not suggesting that the court need to do that. But I think that also distinguishes the analogy between armed violence and this situation. If we take a look at this, as Bucci said here, although the abstract elements approach does consider the statutory elements of the charged offenses, it considers charged offenses in the statutory abstract, not in terms of how they are framed in a particular charged instrument. As noted, it considers solely theoretical or practical impossibility. I think that based on Miller, based on what Miller says, based on the analysis you have to use, based on Bucci, I think Bucci is well-reasoned. I think that under the circumstances, defendants' separate sentences for home invasion and criminal sexual assault should be affirmed. Criminal sexual assault is not an included offense of home invasion. With respect to the second issue, a couple things have to be kept in mind. First of all, there are two rules of law that come into play. One, when a notice of appeal is filed, jurisdiction attaches and stands to the appellate court. That's number one. Number two, I think what has to be kept in mind is the order of how things progress here. This court issued its order, remanded its case in March of 2011. The trial judge held a hearing in May of 2011, and Patrick came out in December of 2011. So obviously the trial judge didn't have the benefit, if you will, of the Patrick decision. But having said that, we have the one rule of law that says the appellate jurisdiction attaches upon a final notice of appeal, and we have the second rule of law that emanates from this court's March 23rd order, which is you remand a case specifically for a specific purpose, trial judges are supposed to follow your mandate. So we have those two rules of law that come into play here. And then we kind of have this, the argument that was made here is the fact that, well, under 606B, the Supreme Court rule says that if you file a notice of appeal before you determine a timely post-file motion, that the trial court is supposed to strike the motion, strike the notice of appeal and hear the motion. Well, the thing is, that seems to contradict the notion that when you file a notice of appeal, that jurisdiction attaches. That's problem number one, which is probably the reason why the trial judge didn't look at this or didn't look at anything else once the notice of appeal was done. Nothing was brought to the trial judge's attention about the fact that, well, you know, we got this outstanding motion here. There was no notice calling this thing up for hearing of any nature. So we got that problem. We got the problem that, okay, if we follow the logic of the state appellate defender here, if the notice of appeal really was meaningless and it didn't confer a jurisdiction, then basically OSAD filed its motion in the wrong court. It filed its motion for this court to remand the case. This court really didn't have jurisdiction. The only jurisdiction you have is to determine whether you have jurisdiction. Well, by the Supreme Court rule, it says the notice of appeal is nugatory, but then obviously you can't have jurisdiction. So remanding it back, basically, your order is itself nugatory. I can tell you what your answer should be. Well, my answer should be no, but I hate going out on a limb like that when I really don't know. The thing is, the point of the matter is the fact that we're talking about simply trying to determine whether or not he should have a jurisdiction. I don't think we can really fault the trial judge for what he did. I think that under the case law, and at least until maybe we get some kind of guidance or whatever, I think really the trial judge's decision, his exercise of discretion, I think is correct. I think he followed the law. I think what he did is he followed this court's mandate, as he was required to do, and he exercised his discretion and basically felt, because of the fact that even as Patrick points out, the plaintiff is not the end all. It's not a substitute for a PC. Defendant can file a PC. So it's not like this defendant doesn't have an avenue to have this issue judged. But I think there are some little quirky things that potentially need to be, I think, thought out, at least from the standpoint of our offices, as to when these kinds of motions come up, if this is going to be the ruling that the notice of appeal is no good, and it's a trial judge's responsibility, then maybe this court doesn't have the jurisdiction or even the administrative ability to do that, as to the point. And so therefore, really, the motion should be brought in the trial court. You're not here. So with that having been said, I think, though, nonetheless, I think that in this case, I think the trial judge did the right thing. He followed the law. And for that reason, I think you're asking if this court should consider filing. Any other questions, I'll be happy to respond. Thank you. Rebuttal? Thank you, Your Honor. Again, I'd like to address the second issue first. The trial judge did not have the benefit of Patrick, but this court does. And the holding of Patrick is right on point. So long as the circuit court has jurisdiction, it must consider that pro se motionalizing the ineffective assistance of counsel. Certainly, the circuit court had jurisdiction after this court remanded the case. Therefore, under Patrick, it was required to consider that pro se motion. And turning back to the first issue, Your Honors, the state argues that there's a theoretical or practical impossibility. That's not precisely the test that's set forth in Miller. Miller stated that if all the elements of one offense are contained within the second offense, and there are no elements of that first offense that are not in the second offense, then the first offense is a lesser included offense. With regard to the theoretical or practical impossibility, is it possible to determine whether a charge offense is the lesser included offense of the other charge offense? You have to look to determine what the charge offenses are. Here, the charge offenses are home invasion predicated on criminal sexual assault and criminal sexual assault. Therefore, home invasion containing all the elements of criminal sexual assault, criminal sexual assault is the lesser included offense of the charge offense of home invasion predicated on that same criminal sexual assault. For the foregoing reasons, Mr. Fuller respectfully requests that this court vacate his conviction for criminal sexual assault and remand this matter for the clinical hearing on pro se motion. Thank you, Your Honors. Thank you. We'll be taking the matter under advisement and rendering a decision without undue delay. And now we stand in recess for a lunch break.